**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0368n.06**
**Filed: May 9, 2005**

**No. 04-1149**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| GEORGE WILSON, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| THOMAS BIRKETT, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: GUY, DAUGHTREY, and GIBBONS, Circuit Judges.

**PER CURIAM.** George Wilson was convicted by a Michigan jury of first-degree premeditated murder, two counts of assault with intent to murder, and possession of a firearm during commission of a felony. After the Michigan state courts denied Wilson post-conviction relief, Wilson filed a federal petition for a writ of habeas corpus, claiming: (1) there was insufficient evidence at trial to convict him of first-degree murder and assault with intent to murder; (2) prosecutorial misconduct denied him a fair trial; (3) he was denied effective assistance of counsel at trial; and (4) he was denied effective assistance of counsel on appeal. The district court denied the petition, and this court granted a certificate of appealability as to the first three issues in Wilson's habeas petition.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d), an application for writ of habeas corpus should not be granted unless a state court adjudication

resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of United States," or (2) involved an "unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in holding that the decisions of the Michigan courts upholding Wilson's convictions on both direct and collateral review were neither contrary to, nor an unreasonable application of, clearly established federal law. Because the reasons for this determination were fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we affirm the judgment of the district court on the basis of the reasoning set out by that court in its opinion and order entered on January 9, 2004.[1]

---

[1]We note, however, that while Wilson argued in the district court that he received ineffective assistance of appellate counsel, no certificate of appealability was granted on this issue, so we do not consider it.